IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KEVIN HOWARD, | § | |
| | § | No. 335, 2016 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below–Court of Chancery of |
| | § | the State of Delaware |
| v. | § | |
| | § | C.A. No. 10307 |
| ROBERT COUPE, Commissioner, | § | |
| Department of Correction, PERRY | § | |
| PHELPS, Chief, Bureau of Prisons, | § | |
| and DAVID PIERCE, Warden, | § | |
| James T. Vaughn Correctional Center, | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: July 12, 2016
Decided: September 7, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

## O R D E R

This 7th day of September 2016, it appears to the Court that:

(1)     On June 28, 2016, the Court received the appellant's notice of appeal from the Court of Chancery's letter decision dated and docketed on May 25, 2016. The appellant, Kevin Howard, is an inmate incarcerated in a Delaware correctional facility.   Under Supreme Court Rule 6(a)(i), Howard's notice of appeal should

have been filed within thirty days, *i.e.*, on or before June 24, 2016.[1]  The thirty day appeal period is a jurisdictional requirement.[2]

(2)  On June 29, 2016, the Senior Court Clerk issued a notice directing Howard to show cause why this appeal should not be dismissed as untimely filed. In response to the notice to show cause, Howard states that he gave the notice of appeal to the appropriate prison authority on June 20, 2016, four days before the June 24 deadline for filing the appeal.  According to Howard, the appeal papers were not mailed from the prison until sometime after June 22, 2016, as evidenced by his Inmate Account Statement, which reflects a debit for postage on June 22, 2016.  Howard contends that he should not be held responsible for the delay in the Court's receipt of his appeal papers that was caused by the prison.  Also, Smith contends that the Court should adopt a rule similar to the federal prison mailbox rule, which deems a notice of appeal filed at the time it is delivered to prison authorities for mailing.

(3)  Delaware has not adopted a rule similar to the federal prison mailbox rule that allows tolling of the appeal period for prisoners.[3]  In Delaware, a notice of appeal must be received by the Office of the Clerk of this Court within the

---

[1] Del. Supr. Ct. R. 6(a)(i) (providing that a notice of appeal in a civil case must be filed within thirty days after entry upon the docket of the judgment or order from which the appeal is taken).

[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[3] *Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).

applicable time period to be effective.[4]  An appellant's status as a *pro se* prisoner does not excuse a failure to comply strictly with the Court's jurisdictional requirements.[5]  An untimely appeal cannot be considered unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel.[6]

(4)    Howard does not claim, and the record does not reflect, that his failure to file a timely notice of appeal is attributable to court-related personnel.  This case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*
Chief Justice

---

[4] *Id.* Del. Supr. Ct. R. 10(a).

[5] *Smith v. State*, 47 A.3d at 482; *Carr v. State*, 554 A.2d at 779.

[6] *Smith*, at 487 (citing *Bey v. State*, 402 A.2d 362, 363 (Del. 1979) (allowing untimely appeal when documentary evidence showed court-related personnel prevented perfection of timely appeal)).